UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Thomas Eisenrich,

                Plaintiff,

                              Civ. No. 07-1845 (RHK/JSM)
                              **MEMORANDUM OPINION AND
                              ORDER FOR JUDGMENT**

v.

Minneapolis Retail Meat Cutters and Food
Handlers Pension Plan,

                Defendant.

---

Robert J. Hajek, Donald L. Beauclaire, Hajek, Meyer & Beauclaire, PLLC, Minneapolis, Minnesota, for Plaintiff.

Carl S. Wosmek, David S. Anderson, Amy L. Court, McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, Minneapolis, Minnesota, for Defendant.

---

      This matter is before the Court pursuant to its April 3, 2008 Order granting summary judgment *sua sponte* for Plaintiff. In that Order, the Court directed the parties to address the amount of the judgment to be entered in this case. For the reasons set forth below, the Court will direct the entry of judgment in the amount of $73,471.34.

      The background facts in this case are set forth in the Court's April 3, 2008 Order and, for the sake of brevity, will not be repeated here. See Eisenrich v. Minneapolis Retail Meat Cutters & Food Handlers Pension Plan, __ F. Supp. 2d __, 2008 WL 906795 (D. Minn. Apr. 3, 2008). Pursuant to that Order, Plaintiff is entitled to the resumption of

his monthly pension payments in the amount of $1,601.35.  The parties were further directed to submit briefs addressing the amount of the judgment to which Plaintiff is entitled for pension payments that were wrongly withheld, as well as any request for attorneys' fees.  Plaintiff now requests that the Court enter judgment in the amount of $131,176.47, comprising $44,837.80 in back pension payments, $2,531.38 in pre-judgment interest, and attorney's fees and costs totaling $83,807.29.  Defendant agrees that Plaintiff is entitled to $44,837.80 for back pension payments, but disputes Plaintiff's calculation of pre-judgment interest and argues that fees and costs are unwarranted or, alternatively, should be reduced.  Accordingly, the Court need only address below pre-judgment interest and attorneys' fees and costs.

**I.     Pre-judgment interest**

Defendant concedes that Plaintiff is entitled to an award of pre-judgment interest on the $44,837.80 due for back pension payments (see Def. Mem. at 3); it merely disputes the amount of such interest.  See Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1331 (8th Cir. 1995) (award of pre-judgment interest in ERISA case is discretionary with district court).  Plaintiff seeks interest totaling $2,531.38, a figure calculated using Minnesota's state-judgment interest rate.  (See Pl. Mem. at 5.)  Defendant argues that the calculation of pre-judgment interest is governed by federal law in ERISA cases and that 28 U.S.C. § 1961 sets forth the proper interest rate.  (See Def. Mem. at 3-4.)  The Court agrees with Defendant, see Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 969 (8th Cir. 2004)

(affirming use of § 1961 to calculate pre-judgment interest in ERISA case), and therefore concludes that Plaintiff is entitled to pre-judgment interest in the amount of $2,424.14.[1]

## II. Attorneys' fees and costs

Plaintiff next seeks $83,807.29 in attorneys' fees and costs, comprising $83,310 in fees for 277.7 hours expended on this matter and $497.29 in miscellaneous costs. Defendants argue that an award of fees and costs is unwarranted and, in the event the Court makes such an award, the amount sought by Plaintiff must be reduced. The Court agrees with only the latter argument.

### A. Plaintiff is entitled to an award of fees

Both parties correctly note that the decision whether to award fees to a prevailing party in an ERISA case is entrusted to the discretion of the district court. See 29 U.S.C. § 1132(g)(1); Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 969 (8th Cir. 2002). In exercising that discretion, the Eighth Circuit has set forth five factors to be considered: (1) the degree of culpability or bad faith of the party from whom fees are sought; (2) that party's ability to pay; (3) whether an award of fees against that party might have a future deterrent effect under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of the plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Id. at 969 n.4 (citing Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th

---

[1] This amount is calculated in Exhibit C to the Affidavit of Amy Court (Doc. No. 51), with which the Court agrees.

Cir. 1984)). These factors, however, "are by no means exclusive or to be mechanically applied." Id. at 972 (citation omitted). Rather, they are "general guidelines" to be used, along with "other relevant considerations," when determining whether a fee award is appropriate. Id. In weighing these factors, the Court must remain cognizant that "ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans." Starr v. Metro Sys., Inc., 461 F.3d 1036, 1040 (8th Cir. 2006). Accordingly, a prevailing ERISA plaintiff "*rarely fails to receive fees*." Id. at 1041 (emphasis added).

Having considered the Westerhaus factors, the Court determines that an award of fees is appropriate here. First, the Court finds that Defendant's position in this matter patently lacked merit and was contrary to both ERISA and the terms of the Plan. The relative merits of the parties' positions, therefore, clearly weighs in Plaintiff's favor. Moreover, Defendant's insistence on its untenable (and ultimately unsuccessful) position smacks of bad faith. In reaching that conclusion, the Court does not view Defendant's litigation posture in a vacuum; the Court strongly suspects that Defendant's position was borne of the fact that Plaintiff sued Defendant a few short years ago, after it denied him the right to have a court reporter present at a prior arbitration hearing. That lawsuit resulted in a judgment in Plaintiff's favor and an award of $15,000 in attorneys' fees. In the Court's view, the course of conduct here – Defendant's long delay before suspending Plaintiff's pension benefits, when it was (or should have been) aware of Plaintiff's purportedly "competing" work, followed by Defendant adopting an indefensible reading

of the Plan's terms to justify that suspension, and a history of litigation between the parties – suggests that Defendant's termination of Plaintiff's pension benefits was a thinly veiled attempt at retribution.

In addition, Defendant has proffered no evidence indicating that it is unable to pay an award of attorneys' fees, and the record suggests that Defendant does indeed possess that capability. Defendant hired an admittedly "large law firm" (see Def. Mem. at 11) to defend this action, clearly resulting in significant legal fees being incurred. It also does not escape the Court's notice that Defendant suggests the "ability-to-pay" factor militates in its favor *without ever actually arguing that it would be unable to pay a fee award.* (See id. at 7-8.) Finally, the Court believes that an award of fees will deter Defendant from adopting such an overbroad and unwarranted reading of the Plan's terms in the future.

For all of these reasons, the Court concludes that Plaintiff is entitled to an award of attorneys' fees in this case.[2]

---

[2] Defendant argues that Plaintiff should not be awarded fees because such an award will be paid out of the Plan's assets. (See Def. Mem. at 7-8.) Yet, that is true in nearly all instances in which plaintiffs successfully sue ERISA plans; adopting Defendant's argument, therefore, would mean that successful ERISA plaintiffs could rarely (if ever) recover attorneys' fees. Such a holding would emasculate the attorney-fee provision in 29 U.S.C. § 1132(g).

**B.     The amount of fees requested will be reduced**

Both parties agree that the "lodestar" method – *i.e.*, the reasonable hourly rate multiplied by the reasonable number of hours expended – is the appropriate method by which to calculate fees in this case. (See Pl. Mem. at 10; Def. Mem. at 10.) The Eighth Circuit has approved the use of the lodestar method to calculate attorneys' fees in ERISA cases, e.g., Brown v. Aventis Pharms., Inc., 341 F.3d 822, 829 (8th Cir. 2003), and the Court will do so here.

**1.     Reasonable hourly rates**

The Court may use its own knowledge when setting the reasonable hourly rate to be awarded, which must equal the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation. See Blum v. Stenson, 465 U.S. 886, 895 & n.11 (1984) (factors to consider in determining hourly rate); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (court may use its own experience and knowledge when fashioning hourly rate). Plaintiff seeks $350 per hour for work performed by attorney Robert J. Hajek and $250 per hour for work performed by attorney Donald L. Beauclaire. Neither party has directed the Court's attention to any recent fee awards in Minnesota (or elsewhere) setting hourly rates for attorneys in ERISA cases, and neither party has submitted an affidavit from other attorneys within the local legal market opining on the reasonableness of the rates sought.[3]

---

[3] Defendant has, however, submitted the Affidavit of Amy Court, which lists the hourly rates charged by *Defendant's* attorneys.

Based on the Court's own knowledge and experience, it concludes that the $350 hourly rate sought for attorney Hajek, who has practiced law for approximately 30 years, is reasonable in this case. See White v. Martin, 290 F. Supp. 2d 986, 992 (D. Minn. 2003) (Tunheim, J.) (in ERISA case, awarding $325 per hour to attorney with 20 years' experience).[4] In the Court's view, however, the hourly rate sought by attorney Beauclaire is excessive given his limited experience and the lack of complexity of this case. See id. (awarding attorney with 9 years' experience $250 per hour); see also Olson v. Messerli & Kramer, P.A., Civ. No. 07-439, 2008 WL 1699605, at *2 (D. Minn. Apr. 9, 2008) (awarding attorney with 9 years' experience $275 per hour in Fair Debt Collection Practices Act case). The Court's knowledge of the local legal market leads it to conclude that an hourly rate of $150 is appropriate for attorney Beauclaire in this matter. (See also Court Aff. ¶¶ 2-3 (attorney with 6 years' experience billing $165 per hour and attorney with 2 years' experience billing $120 per hour).)

---

[4] Defendant makes the curious argument that attorney Hajek's requested rate is excessive because "practitioners with *more* experience and expertise in the area of law in question have hourly rates that are *substantially* less." (Def. Mem. at 11 (emphases added).) To support that argument, Defendant points to David S. Anderson, an attorney employed at McGrann Shea (Defendant's law firm). Attorney Anderson, however, was admitted to the Minnesota bar in the *same year* as attorney Hajek and bills at a rate of $345 per hour, *only $5 less than the rate sought by attorney Hajek*. (Court Aff. ¶ 3.) Defendant also assails attorney Hajek's statement that he has "in excess of 30 years' experience" when, in fact, he has just *under* 30 years' experience. (See Def. Mem. at 11 (noting that attorney Hajek was admitted to the Minnesota bar on September 29, 1978).) Yet, Defendant is also guilty of such "puffery" – it asserts that attorney Anderson "has over 30 years experience" (Court Aff. ¶ 3) when attorney Anderson was admitted to the bar on May 5, 1978. See http://www.mncourts.gov/mars/AttorneyDetail.aspx?id=0001818 (last visited May 1, 2008).

-7-

Plaintiff also asserts that the Court should use a "blended" hourly rate of $300 per hour – which is the average of attorney Hajek's requested rate of $350 and attorney Beauclaire's requested rate of $250 – for all 277.7 hours expended in this case. The Court declines to do so for two reasons. First, the number of hours expended here have been succinctly broken down on a 7-page billing record submitted by Plaintiff's counsel. Given that the number of hours expended is relatively low, it will not be a significant undertaking for the Court to calculate the lodestar amount by using the individual billing rates of attorneys Hajek and Beauclaire, rather than a "blended" (or average) hourly rate. Second, the use of a blended rate would overcompensate Plaintiff for time expended by attorney Beauclaire, who performed the vast majority of the work in this case. (See Hajek Aff. Ex. A (indicating that attorney Hajek expended 61.05 hours and attorney Beauclaire expended 216.65 hours).) Since attorney Hajek performed far less work than attorney Beauclaire, using a blended hourly rate would improperly skew the average hourly rate higher. See SEC v. Goren, 272 F. Supp. 2d 202, 208 (E.D.N.Y. 2003) (use of blended hourly rate "risks under- or over-compensating [attorneys] for their efforts").

### 2. Reasonable number of hours expended

Plaintiff seeks reimbursement for 61.05 hours expended by attorney Hajek and 216.65 hours expended by attorney Beauclaire in this matter. Defendant argues that several entire categories of work performed by Plaintiff's attorneys must be excluded, and further challenges the number of hours devoted to certain other tasks. The Court addresses each of Defendant's arguments below.

Defendant first argues that all hours expended during the administrative process must be excluded. (See Def. Mem. at 13-14.) In Parke v. First Reliance Standard Life Insurance Co., 368 F.3d 999 (8th Cir. 2004), the Eighth Circuit held that "ERISA does not allow recovery of attorney's fees incurred during pre-litigation administrative proceedings." Id. at 1010. Therefore, the time expended prior to the commencement of this action – which was devoted to an administrative appeal of the suspension of Plaintiff's pension benefits – must be excluded. Id.[5] For the same reason, the Court will also exclude $87.89 in costs incurred prior to March 20, 2007 (messenger service on 3/31/06, 5/3/06, and 8/18/06, plus photocopying on 2/28/07).

Defendant next argues that all hours expended in connection with Plaintiff's demand for arbitration should be excluded. (See Def. Mem. at 14-15.) When Plaintiff initially filed his Complaint, he argued that this entire case was subject to arbitration, and he included in his Complaint a claim (Count 1) seeking an order compelling arbitration of the instant matter. Plaintiff moved for summary judgment on that claim, which the Court denied; the Court concluded that Plaintiff had no "right" to arbitration and entered summary judgment for Defendant *sua sponte* on Count 1. Because Plaintiff was not successful on this claim, Defendant argues that all hours expended in connection therewith must be excluded. The Court agrees.

---

[5] The Complaint in this case was filed on April 10, 2007. Although it is not entirely clear from the billing records submitted by Plaintiff's counsel, it appears that work on the Complaint did not commence until March 20, 2007. Accordingly, the Court will exclude all hours expended prior to that date: 21.15 hours by attorney Hajek and 16.95 hours by attorney Beauclaire.

In <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434-35 (1983), the Supreme Court held that a prevailing party may not recover fees for distinct, unrelated claims on which he has been unsuccessful. <u>See also</u> <u>Jenkins ex rel. Jenkins v. Missouri</u>, 127 F.3d 709, 716 (8th Cir. 1997) ("If any issues on which the plaintiff lost are unrelated to those on which he won, the unrelated issues must be treated as if they were separate cases and no fees can be awarded."); <u>White</u>, 290 F. Supp. 2d at 991 (applying <u>Hensley</u> and <u>Jenkins</u> in an ERISA case). Plaintiff's claim that this matter was subject to arbitration (Count 1) was wholly distinct from his claims that his pension benefits were improperly suspended (Counts 2 and 3); the claim was predicated on an amendment to the Plan's terms that had no impact on the propriety (or lack thereof) of the suspension. Moreover, the Court concluded that Count 1 was meritless and granted summary judgment in Defendant's favor on that claim.

Nevertheless, Plaintiff argues that these hours should not be excluded because Defendant initially refused to arbitrate this matter, but then later agreed to arbitration. (<u>See</u> Pl. Mem. at 10-12.) The Court is not persuaded by this argument. Defendant was surely correct to reject Plaintiff's initial arbitration demand, insofar as it was under no obligation to arbitrate this dispute (as the Court held when it granted summary judgment *sua sponte* on Count 1). Further, Defendant should not be penalized for subsequently agreeing to arbitration, because it did so in an attempt to resolve Plaintiff's summary judgment motion without Court intervention. Notably, Plaintiff *rejected* Defendant's offer and demanded more than $10,000 in attorneys' fees before he would proceed to arbitration; only then did Defendant file its response to Plaintiff's motion. Under these

-10-

facts, the Court does not believe it is inequitable to exclude the time Plaintiff's counsel devoted to Count 1.

Accordingly, the Court will deduct 10.3 hours expended by attorney Hajek and 54.6 hours expended by attorney Beauclaire in connection with Count 1.[6]

Finally, Defendant raises a litany of other arguments concerning the billing entries submitted by Plaintiff's counsel, including that they (1) are excessive, (2) include non-compensable clerical activities, and (3) include some time entries unrelated to this case. (Def. Mem. at 12-13, 15-17.)  The Court agrees with these arguments and concludes that a percentage reduction will compensate for any unnecessary, redundant, excessive, or otherwise non-compensable hours.  Based on its review of the billing entries submitted, the Court concludes that a further 20% reduction (in addition to the reductions set forth above) is appropriate to address these concerns.

As a result of the foregoing, the Court concludes that Plaintiff is entitled to recover attorneys' fees in the amount of $25,800, calculated as follows:

---

[6] These hours are set forth in Exhibit E to the Affidavit of Amy Court.  The Court notes that several of the entries it has excluded appear to include both compensable and non-compensable tasks.  For example, attorney Beauclaire's billing entry for June 18, 2007, states "Service of Rule 26 disclosures[;] research regarding possible summary judgment [on Count 1]." (Hajek Aff. Ex. A.)  The time devoted to discovery is compensable; the time devoted to summary judgment is not.  However, where an attorney's fee documentation is inadequate to permit the Court to distinguish compensable tasks from non-compensable tasks, the Court may deny recovery for the entire time entry.  See, e.g., Fabbrini v. City of Dunsmuir, No. 2:07-CV-1099, 2008 WL 1808502, at *2 (E.D. Cal. Apr. 22, 2008) (collecting cases).  The Court has elected to do so here.

### Attorney Hajek

| | | |
|---|---|---|
| Hours requested: | | 61.05 |
| Reductions: | -- | 21.15 (pre-litigation administrative process) |
| | -- | <u>10.3 (hours concerning Count 1)</u> |
| Total: | | 29.6 hours |
| Further 20% reduction: | -- | <u>5.92 hours</u> |
| Total number of compensable hours (rounded to nearest hour): | | 24 hours |
| **Lodestar amount for Attorney Hajek:** | | **24 hours x $350 per hour = $8,400** |

### Attorney Beauclaire

| | | |
|---|---|---|
| Hours requested: | | 216.65 |
| Reductions: | -- | 16.95 (pre-litigation administrative process) |
| | -- | <u>54.6 (hours concerning Count 1)</u> |
| Total: | | 145.1 hours |
| Further 20% reduction: | -- | <u>29.02 hours</u> |
| Total number of compensable hours (rounded to nearest hour): | | 116 hours |
| **Lodestar amount for Attorney Beauclaire:** | | **116 hours x $150 per hour = $17,400** |

***TOTAL LODESTAR AMOUNT: $8,400 + $17,400 = $25,800***

There is a "strong presumption" that the lodestar amount represents the reasonable attorney fee to be awarded. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). That amount may be adjusted upward or downward, however, "on the basis of the results obtained." Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003) (citing Hensley, 461 U.S. at 434). Here, Plaintiff has not sought an enhancement of the lodestar amount and Defendant has not sought a further reduction thereof (save the matters discussed above), and the Court concludes that neither an enhancement nor a further reduction is warranted. Accordingly, Plaintiff is entitled to recover attorneys' fees in the amount of $25,800.

Finally, the Court pauses to address costs. Besides the costs excluded above (see supra at 9), Plaintiff also seeks to recover $350 for the filing fee and $59.40 for photocopies. Such costs may be recovered pursuant to 28 U.S.C. § 1920, and Defendant has not objected thereto. Accordingly, the Court will also award Plaintiff $409.40 in costs.

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1.    Plaintiff is entitled to the resumption of his monthly pension payments by Defendant, and Defendant shall resume making such payments, commencing on June 1, 2008; and

2.    Plaintiff shall recover of Defendant $73,471.34, comprised of $44,837.80 in back pension payments, $2,424.14 in pre-judgment interest, $25,800 in attorneys' fees, and $409.40 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 1, 2008                                              s/Richard H. Kyle
                                                                RICHARD H. KYLE
                                                                United States District Judge